**E.I. DU PONT DE NEMOURS AND COMPANY, Plaintiff–Appellee,**

v.

**The UNITED STATES, Defendant–Appellant.**

**No. 92–5064.**

United States Court of Appeals, Federal Circuit.

Dec. 9, 1992.

Daniel M. Gribbon, Covington & Burling, Washington, D.C., argued for plaintiff-appellee. With him on the brief was Alan A. Pemberton.

Terrence S. Hartman, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for de-

fendant-appellant. With him on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director. Also on the brief were Gustan Goldberger and Dana Lindsay, Dept. of Energy, of counsel.

Before RICH, Circuit Judge, SMITH, Senior Circuit Judge, and ARCHER, Circuit Judge.

ARCHER, Circuit Judge:

## DECISION

The United States appeals the judgment of the United States Claims Court, *E.I. Du Pont de Nemours & Co. v. United States,* 24 Cl.Ct. 635 (1991), denying its motion for summary judgment and granting Du Pont's cross-motion for summary judgment. The Claims Court held that the contract between the government and Du Pont required the government to reimburse Du Pont for severance payments to its employees. We affirm.

## DISCUSSION

The Claims Court fully and carefully considered all of the government's arguments except one. The government contends that Du Pont engaged in "willful misconduct" in making the severance payments to its employees after it received a letter from the Secretary of Energy warning that the government would not reimburse such costs. There is no merit to this argument. The Secretary's warning letter did not cite or rely on any provision of the contract or other legal authority; it merely reflected the government's dissatisfaction with the payment of severance to employees who would be rehired by Du Pont's successor. In the absence of any contractual or legal basis for the Secretary's position, Du Pont was not guilty of willful misconduct.

All of the government's other arguments were properly rejected by the Claims Court and, accordingly, we adopt its opinion.

AFFIRMED.